MAYER ZAWADSKY, Appellant, v. GUSSIE ZAWADSKY, Respondent.

Appeal from order entered February 4, 1939, granting defendant's motion for judgment dismissing the amended complaint as barred by the Statute of Limitations dismissed. No opinion.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.; O'Malley and Untermyer, JJ., dissent and vote to reverse and deny said motion; dissenting opinion by Untermyer, J.

Order entered January 14, 1939, granting defendant's motion for judgment dismissing the amended complaint for insufficiency affirmed, with twenty dollars costs and disbursements. No opinion.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.; O'Malley and Untermyer, JJ., dissent and vote to reverse and deny said motion; dissenting opinion by Untermyer, J.

Appeal from order entered January 14, 1939, granting defendant's motion to strike out paragraphs Eighth and Ninth of the amended complaint as sham and frivolous dismissed. No opinion.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.; O'Malley and Untermyer, JJ., dissent and vote to reverse and deny said motion; dissenting opinion by Untermyer, J.

UNTERMYER, J. (dissenting). Without consideration of the other questions presented, the order dismissing the complaint should be reversed and the motion denied upon the ground that the complaint alleges as a fact that, under the law of Poland where the marriage was solemnized, it was void in that no marriage certificate was filed and that unless so filed " no marriage or proceeding purportedly a marriage was a valid marriage in law." The motion to strike out these allegations as sham and frivolous should, therefore, also have been denied. The Statute of Limitations does not apply to such a situation and, accordingly, the motion to dismiss the complaint on that ground should have been denied. Needless to say, we may not give consideration to the many statements of facts contained in the respondent's brief not appearing in the record.

The orders should be reversed and the motions denied.

O'Malley, J., concurs with Untermyer, J.